**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

ROBERT AVENDT,

    Petitioner,                    Case Number 2:19-CV-12311
                                             HONORABLE NANCY G. EDMUNDS
v.                                 UNITED STATES DISTRICT JUDGE

MARK MCCULLICK,

    Respondent,
_____/

## OPINION AND ORDER HOLDING IN ABEYANCE THE PETITION FOR WRIT OF HABEAS CORPUS AND ADMINISTRATIVELY CLOSING THE CASE.

Robert Avendt, ("Petitioner"), confined at the St. Louis Correctional Facility in St. Louis, Michigan, filed a *pro se* petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254, challenging his conviction for three counts of first-degree criminal sexual conduct, MICH. COMP. LAWS § 750.520b(2)(b); and being a fourth felony habitual offender, MICH. COMP. LAWS § 769.12. Petitioner asks to hold the petition in abeyance to permit him to return to the state courts to exhaust additional claims which are not included in the current petition. The Court holds the petition in abeyance and stays the proceedings under the terms outlined in this opinion to permit petitioner to return to the state courts to exhaust his additional claims. The Court administratively closes the case.

## I. Background

Petitioner was convicted by a jury in the Oakland County Circuit Court. Petitioner's conviction was affirmed on appeal. *People v. Avendt,* No. 332538, 2017 WL 4942802 (Mich. Ct. App. Oct. 31, 2017), *lv. den.* 501 Mich. 1082, 911 N.W.2d

1

700 (2018). [1]

Petitioner filed what he has labeled a "Motion to Hold Habeas Petition in Abeyance," which indicates his intention to seek habeas relief from his state court conviction. Petitioner asks this Court to hold his case in abeyance so he can return to the state courts to exhaust additional claims.

## II. Discussion

**1. Petitioner's motion is construed as a petition for writ of habeas corpus.**

Petitioner has filed a motion to hold the petition for writ of habeas corpus in abeyance.

The Court construes petitioner's motion to hold the petition for writ of habeas corpus as an actual petition for a writ of habeas corpus filed pursuant to 28 U.S.C. § 2254, because he indicates that he wishes to seek habeas relief on his claims and requests to hold the petition for writ of habeas corpus in abeyance while he pursues state post-conviction relief in the state courts. *See e.g. Sueing v. Palmer*, 503 F. App'x. 354, 356-57 (6th Cir. 2012)(petitioner's letter to the district court to grant a stay and abeyance or to extend the time to file a petition for writ of habeas corpus should have been construed as a new habeas petition); *Watkins v. Haas*, 143 F. Supp. 3d 632, 638, n. 4 (E.D. Mich. 2015), *rev'd sub nom. on other grds Watkins v. Deangelo-Kipp*, 854 F.3d 846 (6th Cir. 2017)(district court construed petitioner's request to stay the petition as a newly filed petition for writ of habeas corpus).

---

[1] This Court obtained the appellate court history for petitioner's case from Westlaw. See www.1.next.westlaw.com. Public records and government documents, including those available from reliable sources on the Internet, are subject to judicial notice. *See Daniel v. Hagel*, 17 F. Supp. 3d 680, 681, n. 1 (E.D. Mich. 2014).

**2. The motion to hold the petition in abeyance is GRANTED.**

A federal district court is authorized to stay fully exhausted federal habeas petitions pending the exhaustion of other claims in the state courts. *See Bowling v. Haeberline,* 246 F. App'x. 303, 306 (6th Cir. 2007)(a habeas court is entitled to delay a decision in a habeas petition that contains only exhausted claims "when considerations of comity and judicial economy would be served"); *See also Thomas v. Stoddard,* 89 F. Supp. 3d 937, 943 (E.D. Mich. 2015).

The Court grants petitioner's motion to hold the petition in abeyance while he returns to the state courts to exhaust. The outright dismissal of the petition, even if it is without prejudice, might bar review of petitioner's claims in this Court due to the expiration of the one year statute of limitations contained in the Antiterrorism and Effective Death Penalty Act (AEDPA). *See* 28 U.S.C. § 2244(d)(1). A common reason for holding a habeas petition in abeyance arises when the original petition was timely filed, but a second, exhausted habeas petition would be time barred by the AEDPA's statute of limitations. *See Hargrove v. Brigano,* 300 F.3d 717, 720-21 (6th Cir. 2002).

However, even where a district court determines that a stay is appropriate pending exhaustion, the district court "should place reasonable time limits on a petitioner's trip to state court and back." *Rhines v. Weber*, 544 U.S. 269, 278 (2005). To ensure that there are no delays by petitioner in exhausting state court remedies, this Court imposes time limits within which petitioner must proceed with his state court post-conviction proceedings. *See Palmer v. Carlton*, 276 F. 3d 777, 781 (6th Cir. 2002).

The Court holds the petition in abeyance to allow petitioner to initiate post-conviction proceedings in the state courts. This tolling is conditioned upon petitioner

initiating his state post-conviction remedies within sixty days of receiving this Court's order and returning to federal court within sixty days of completing the exhaustion of state court post-conviction remedies. *Hargrove,* 300 F. 3d at 721. [2]

### III.  ORDER

**IT IS ORDERED** That:

(1) The proceedings are **STAYED** and the Court holds the habeas petition in abeyance.  Petitioner must file a motion for relief from judgment in state court within sixty days of receipt of this order.  He shall notify this Court in writing that such motion papers have been filed in state court.  If he fails to file a motion or notify the Court that he has done so, the Court will lift the stay and will reinstate the original petition for writ of habeas corpus to the Court's active docket and will proceed to adjudicate only the claims raised in the original petition.  After petitioner fully exhausts his new claims, he shall file an amended petition that includes the new claims within sixty days after the conclusion of his state court post-conviction proceedings, along with a motion to lift the stay.  Failure to do so will result in the Court lifting the stay and adjudicating the merits of the claims raised in petitioner's original habeas petition.

(2) To avoid administrative difficulties, the Clerk of Court shall **CLOSE** this case for statistical purposes only.  Nothing in this order or in the related docket entry shall be considered a dismissal or disposition of this matter. *See Thomas,* 89 F. Supp. 3d at 943-944.

(3) Upon receipt of a motion to reinstate the habeas petition following exhaustion of state remedies, the Court will order the Clerk to reopen this case for statistical purposes.

s/ Nancy G. Edmunds
**HON. NANCY G. EDMUNDS**
**Dated:  August 8, 2019**   **UNITED STATES DISTRICT COURT JUDGE**

---

[2] Petitioner's method of properly exhausting these claims in the state courts would be through filing a motion for relief from judgment with the Oakland County Circuit Court under M.C.R. 6.502. *See Wagner v. Smith,* 581 F. 3d 410, 419 (6th Cir. 2009).  Denial of a motion for relief from judgment is reviewable by the Michigan Court of Appeals and the Michigan Supreme Court upon the filing of an application for leave to appeal. M.C.R. 6.509; M.C.R. 7.203; M.C.R. 7.302. *Nasr v. Stegall,* 978 F. Supp. 714, 717 (E.D. Mich. 1997).